UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ELISA COCHRAN, )
)
    *Petitioner,* )
v. ) 1:04-cv-384
) *Edgar/Carter*
LISA DODSON, WARDEN, )
)
    *Respondent.* )

**MEMORANDUM**

Elisa Cochran ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks review of her 1996 state conviction for felony murder during the perpetration of an especially aggravated robbery. Petitioner seeks review of her felony murder conviction, claiming that (1) the case of *Wiggins v. Smith*, 539 U.S. 510 (2003), created a new constitutional right which was not recognized at the time of her trial but is now required to be recognized and applied to her case and, (2) that she has newly discovered scientific evidence, in the form of an affidavit from a psychologist, establishing her actual innocence of first degree murder due to her inability to premeditate.[1]

Presently before the Court is respondent's motion to dismiss petitioner's § 2254 petition as time-barred [Court File No. 3]. After reviewing the record and the applicable law, the Court concludes that petitioner's § 2254 petition is time-barred.

---

[1] The Court observes that the petitioner was not convicted of premeditated first degree murder, but rather, she was convicted of felony murder during the perpetration of an especially aggravated felony.

1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     . . .
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A.    Timeliness of § 2254 Petition

On March 14, 1996, petitioner was convicted of felony murder, second degree murder, and theft under $500; the trial court merged the second degree murder conviction into the felony murder conviction and dismissed the theft conviction and sentenced petitioner to life. Petitioner pursued her right to appeal. On direct appeal petitioner's felony murder conviction was affirmed. The Tennessee Supreme Court denied permission to appeal on May 10, 1999. *See State v. Cochran*, 1998 WL 783343 (Tenn. Crim. App., 1998), *app. denied*, (Tenn. May 10, 1999). Petitioner filed a state post-conviction petition on May 8, 2000 [Addendum No. 2]. State post-conviction relief was

2

denied by the trial court. The Tennessee Court of Criminal Appeals affirmed the denial on January 29, 2002, *Cochran v. State*, 2002 WL 111308 (Tenn.Crim.App. 2002), *perm. app. denied*, (Tenn. May 28, 2002), and the Tennessee Supreme Court denied permission to appeal on May 28, 2002.

On July 28, 2003, petitioner filed a motion to reopen her state post-conviction proceeding [Addendum No. 4]. The motion was denied and the Tennessee Court of Criminal Appeals denied permission to appeal from the motion to reopen [Addendum No. 5]. Likewise, the Tennessee Supreme Court denied permission to appeal from the Court of Criminal Appeals [Addendum No. 6].

It appears from the record that petitioner's direct appeal concluded on August 9, 1999,[2] ninety (90) days after the Tennessee Supreme Court denied permission to appeal. Petitioner had ninety (90) days to seek a writ of certiorari in the United States Supreme Court. Although petitioner did not seek certiorari in the United States Supreme Court, the one year statute of limitation was tolled during that ninety (90) day period. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004) ("[W]e hold that under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case"); *see Hutton v. Brigano*, 9 Fed. Appx. 422 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 549227 (Hutton had until December 17, 1996, to file her certiorari petition with the United States Supreme Court. The court determined the statute of limitations began to run on December 18, 1996); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (finding the

---

[2] August 8, 1999, was actually day number ninety but since it fell on a Sunday, petitioner had until August 9, 1999, to file her certiorari petition with the United States Supreme Court.

one year statute of limitations began to run at the expiration of the time for filing a petition for a writ of certiorari in the United States Supreme Court on direct review).

Petitioner filed her state post-conviction petition on May 8, 2000, which tolled the statute of limitations after two hundred and seventy-three (273) days had passed. At the time petitioner filed her state post-conviction petition she had ninety-two (92) days remaining to file her habeas petition with the district court before the statute of limitations for filing a federal habeas petition expired.

The statute was tolled from May 8, 2000, until August 26, 2002.[3] The statute began to run again on August 27, 2002, and on July 28, 2003, petitioner filed a motion to reopen her state post-conviction petition. At that time, the statute of limitations was once again tolled. The previously elapsed two hundred and seventy-three (273) days added to the three hundred and thirty-five (335) days that elapsed between the conclusion of the state post-conviction proceedings and the filing of the motion to reopen the state post-conviction petition results in 608 days running on the statute of limitation. Although the state court proceedings resolving her motion to reopen concluded on December 6, 2004, and petitioner filed her habeas petition on December 13, 2004, her petition was filed after the one year statute of limitations had expired.

At the time petitioner filed her motion to reopen her state post-conviction proceedings 608 days had elapsed and the statute of limitation for filing a federal habeas petition had expired prior to her filing the motion to reopen. The state post-conviction proceedings ended on August 26, 2002.

---

[3] Petitioner had ninety (90) days after the Tennessee Supreme Court denied certiorari to file for certiorari in the United States Supreme Court, which she did not do. However, in figuring the expiration of the statute of limitations the Court has counted those 90 days as a period of tolling.

Therefore, petitioner was required to file her petition within ninety-two (92)days or, on or before, November 27, 2002.

Therefore, the time for filing a § 2254 petition in petitioner's case expired on November 27, 2002. Since petitioner's § 2254 petition was filed on December 13, 2004, it is time-barred by the statute of limitations.

### B.    Initial Recognition of Constitutional Right

Petitioner contends that the United States Supreme Court recognized a new constitutional right on June 26, 2003, when they decided *Wiggins v. Smith*, 539 U.S. 510 (2003). Although the one-year statute of limitation may run from the date on which a new constitutional right was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C), petitioner failed to file her habeas petition within one year of the Supreme Court's June 26, 2003 *Wiggins* decision. Furthermore, contrary to petitioner's argument, *Wiggins* did not create a new constitutional right but rather applied the standards of *Strickland v. Washington*, 466 U.S. 688 (1984) to determine whether the investigation supporting counsel's decision not to introduce mitigating evidence of Wiggins' background was itself reasonable. This claim provides petitioner no relief.

### C.    Due Diligence

Next petitioner contends that new scientific evidence has been developed, through the exercise of due diligence, which demonstrates her innocence and therefore, the statute of limitation does not begin to run until the date on which that evidence was discovered. 28 U.S.C.

5

§ 2244(d)(1)(D). According to petitioner's argument, she filed her habeas petition within a year of the discovery of this evidence, thus, her habeas petition is not time-barred. The Court disagrees.

Petitioner has submitted an affidavit from Pamela Auble, a licensed psychologist. Although the affidavit was sworn to on June 30, 2003, the petitioner has not identified, nor does the record reveal the date on which Ms. Auble met with petitioner or the date on which she reached her conclusion that petitioner was unable "to engage in the reflection and judgment required for premeditation" [Court File No. 1, Exhibit 3, at 16]. The date on which Ms. Auble signed her affidavit does not appear to be the date on which petitioner could have discovered the factual predicate for her claim of actual innocence given that the facts relied upon occurred prior to her trial, and Ms. Auble stated petitioner has suffered from mental illness most of her adult life. Petitioner has failed to identify the date on which the alleged new evidence was discovered, but more importantly she failed to demonstrate "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D).

Petitioner has failed to show that she could not, while using due diligence, have discovered the alleged new scientific evidence earlier. Consequently, petitioner has failed to sustain her burden of persuading the court that she has exercised due diligence in her search for the factual predicate of her claim.

However, even if petitioner had made the necessary showings, she would not be entitled to any habeas relief because the "new scientific evidence available to the Petitioner that she could not have formed the element of premeditation because of an existing mental illness[,]" [Court File No. 1, at 6] is of no consequence since she was not convicted of first degree murder. The indictment was a three count indictment. The jury found petitioner guilty of second degree murder in the first count

6

and guilty of felony murder during the perpetration of especially aggravated robbery in the second count. Although the jury was instructed that if it found petitioner guilty of count two or a lesser included offense, then it should not return a verdict upon count three, the jury apparently misunderstood the instructions and found petitioner guilty of count three, theft under five hundred dollars. The trial court merged the second degree murder conviction into the felony murder conviction and dismissed the misdemeanor theft conviction. Consequently, since petitioner was convicted of felony murder, premeditation was not an element of the crime and any evidence relevant to premeditation would not entitle her to any habeas relief.

**D.** **Conclusion**

In conclusion, petitioner's habeas petition is subject to the one year statute of limitations which began to run on the date on which her judgment became final at the conclusion of direct review. As explained above, petitioner's habeas petition is time-barred.

Accordingly, it is hereby **ORDERED** that respondent's motion to dismiss will be **GRANTED** [Court File No.3], and petitioner's petition for writ of habeas corpus will be **DISMISSED** [Court File No. 1] as time-barred.

A judgment will enter.

                                       */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                       CHIEF UNITED STATES DISTRICT JUDGE